THOMAS R. CHAPIN (SBN 221741)
LAW OFFICES OF THOMAS R. CHAPIN
232 E. Grand Blvd. Suite 204
Corona, California 92879
Office: (951) 278-2919; Fax: (951) 278-2999
Coronalaw@aol.com

Attorney for Defendant Colin Burns

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

| | |
|---|---|
| JANE RJ DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>COLIN BURNS, et al.,<br><br>    Defendants. | CASE NO.: 8:19-cv-00824-DOC-JDE<br><br>Hearing:    September 30, 2019<br>Time:       8:30 A.M.<br>Courtroom:  9D<br>Judge:      Hon. David O. Carter<br><br>**DEFENDANT COLIN BURNS' REPLY TO PLAINTIFF'S OPPOSITION TO HIS MOTION TO VACATE DISMISSAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

## INTRODUCTION

Plaintiff Jane RJ Doe ("Plaintiff") fails to address the decisive fact with respect to Mr. Burns' Motion to Vacate Plaintiff's Notice of Voluntary Dismissal (Doc. 19), to wit, that Mr. Burns' Motion to Dismiss also plainly served as a Motion for Summary Judgment (Doc. 16), which does not require this Court to convert it.  The Ninth Circuit's opinion in *Swedberg v. Marotzke*, 339 F.3d 1139 (9th Cir. 2003) did not address this issue and therefore is distinguishable.  As a result, Plaintiff's Notice of Dismissal came too late and therefore should be vacated.

///

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. LOCAL RULE 7-3 DOES NOT APPLY AND OTHERWISE DOES NOT REQUIRE DENIAL OF MR. BURNS' MOTION TO VACATE

Plaintiff suggests this "Court has the discretion to decline to consider this Motion," (Doc. 21 at 18:12), as Mr. Burns did not first confer with opposing counsel prior to filing his Motion to Vacate ("MTV"). Plaintiff further alleges that Mr. Burns did not confer with opposing counsel prior to filing his Motion to Dismiss and in the Alternative for Summary Judgment ("MTD"). (Doc. 21 at 3:6). Mr. Burns begins with this latter point.

First, as set forth at the beginning of his MTD, Mr. Burns brought that motion "PURSUANT TO THIS COURT'S ORDER of May 22, 2019 (Doc. 12)." (Doc. 16 at 1:20) (capitalization in original). Thus, Plaintiff was well on notice that such a motion would be filed and could not have suffered any prejudice especially where a previous motion to quash filed in the Superior Court of Orange County (prior to this action being removed to this Court) argued the same jurisdictional defects as those raised in the MTD. Neither does Plaintiff allege any prejudice. In all events, it is improper to raise such an objection here as the MTD is not now before this Court.

Second, and more pertinently, as Plaintiff had filed a Notice of Voluntary Dismissal, which she contends gave her the "'absolute' right" to dismiss her action, (Doc. 21 at 4:12), it begs the question as to whether Local Rule 7-3 is even applicable. Plaintiff alleges that she had the absolute right to dismiss her case and in fact filed notice of the same, yet now claims Mr. Burns should have conferred with her counsel in her *dismissed* case prior to bringing his MTV. Local Rule 7-3 applies to "all cases," which plainly implies active cases, or at least those that have not been dismissed. After all, "[t]he filing of a notice of voluntary dismissal with the court automatically *terminates the action* as to the defendants who are the

subjects of the notice . . . . Such a dismissal leaves the parties as though no action had been brought." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (citations and footnote omitted; emphasis added). Per Plaintiff, she no longer has a case as she dismissed it, thus Local Rule 7-3 does not apply.[1]

Even assuming that Local Rule 7-3 applies, which manifestly would require an exercise in futility in this set of circumstances, the Court should exercise its broad discretion to still reach the merits of Mr. Burns' Motion to Vacate inasmuch as Plaintiff suffered no prejudice and does not allege any. As this Court held in *In re Nucoa Real Margarine Litig.*, 2012 U.S. Dist. LEXIS 189901 (C.D. Cal.) (Carter, J.),

> The failure to comply with the meet-and-confer requirement in this district . . . does not automatically require denial of a party's motion. *See ECASH Technologies, Inc. v. Guagliardo*, 35 Fed. Appx. 498, 500 (9th Cir. May 13, 2002) (Unpub. Disp.). '[T]he district court has broad discretion to depart from the strict terms of the local rules where it makes sense to do so and substantial rights are not at stake.' *Professional Programs Group [v. Dep't of Commerce]*, 29 F.3d [1349,] 1353 [(9th Cir. 1994)].

*In re Nucoa Real Margarine Litig.*, 2012 U.S. Dist. LEXIS 189901, *61 n.93.

Other courts in this District likewise have found that any failure to comply with Local Rule 7-3 does not require denial of a motion where opposing counsel has suffered no prejudice. *See Estate of Morad v. City of Long Beach*, 2017 U.S. Dist. LEXIS 214639, *7-8 (C.D. Cal.) (Fitzgerald, J.); *Thee Sombreo, Inc. v. Murphy*, 2015 U.S. Dist. LEXIS 93, *6 (C.D. Cal.) (Phillips, J.) ("Courts can, in

---

[1] Counsel is aware of a *single* case that appears to assume, without any discussion, that Local Rule 7-3 would still apply even after a dismissal pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(i). However, even in that case, the court still reached the merits of the motion to vacate the dismissal despite non-compliance with Local Rule 7-3, and whether it even applied was not subject to litigation. *See Copelan v. Infinity Ins. Co.*, 2018 U.S. Dist. LEXIS 225090 (C.D. Cal.) (Real, J.). Counsel is not aware of *any* case wherein the court denied a motion to vacate a voluntary dismissal solely on the basis of failure to comply with Local Rule 7-3.

-3-

**DEFENDANT COLIN BURNS' REPLY TO PLAINTIFF'S OPPOSITION TO HIS MOTION TO VACATE VOLUNTARY DISMISSAL; MEMORANDUM OF POINTS AND AUTHORITIES**

their discretion, refuse to consider a motion for failing to comply with Local Rule 7-3. Generally, courts exercise this discretion when the failure to meet and confer prejudiced opposing counsel. If there is little or no prejudice, courts will sometimes consider the motion despite the failure to meet and confer.") (citations omitted).

Here, "it makes sense" to reach the merits of Mr. Burns' Motion to Vacate as it is at least questionable whether Local Rule 7-3 even applies after a party has ostensibly dismissed its case, and Plaintiff neither suffered any prejudice nor alleged any.

## II. MR. BURN'S MOTION TO DISMISS MANIFESTLY WAS *ALSO* A MOTION FOR SUMMARY JUDGMENT AT THE TIME OF ITS FILING; NO CONVERSION IS REQUIRED; THIS COURT SHOULD THEREFORE VACATE PLAINTIFF'S NOTICE OF DISMISSAL

Plaintiff fails to address *the* critical fact that Mr. Burn's MTD also was expressly brought as a Motion for Summary Judgment. *See* MTD at 1:28-2:2 (Doc. 16; PageID # 219-220) (stating in notice of motion: "In the alternative, Mr. Burns moves this honorable Court to grant **summary judgment** in his favor as to each and every Claim therein pursuant to Federal Rules of Civil Procedure 12(d) and 56.") (Emphasis added). That it was brought in the alternative is, of course, of no moment. It still functioned as—and is—a Motion for Summary Judgment not requiring conversion, as the Ninth Circuit has recognized. *See Morrow v. City of Glendale*, 1994 U.S. App. LEXIS 5529, *1-2 (9th Cir. 1994) (mem.) ("The district court did not convert the City of Glendale's motion to dismiss into a motion for summary judgment *sua sponte*. In its Notice of Motion, the City indicated it was moving to 'Dismiss Plaintiffs' Complaint or in the Alternative for Summary Judgment . . . .' When the moving party gives formal notice, as here, the nonmoving party is fairly apprised that the district court may look beyond the

pleadings.").[2]

Consistent with *Morrow*, the Southern District of New York has addressed the precise fact-pattern now before this Court. In *Premier Fabrics, Inc. v. Woodland Trading, Inc.*, 42 F. Supp. 3d 549 (S.D.N.Y. 2014), the court there held that a motion to dismiss that requested summary judgment in the alternative was nonetheless a full-fledged motion for summary judgment, and as such, precluded a plaintiff from voluntarily dismissing its action.

*Premier Fabrics* was a copyright infringement case that originated in the Central District of California. *Id.* at 551. And exactly like here, the defendants there filed a

> motion . . . to dismiss the amended complaint pursuant to Rule 12(b)(6) or, in the alternative, for summary judgment dismissing the amended complaint — and just days before its response to that motion was due — plaintiff filed a purported notice of voluntary dismissal without prejudice. Defendants now move for an order dismissing the action with prejudice on the ground that the filing of their motion to dismiss or for summary judgment terminated plaintiff's unconditional right to discontinue without prejudice and for attorney's fees.

*Id.*[3]

The plaintiff there argued "that no summary judgment motion was filed because (a) the defendants' motion was 'labeled' as a motion to dismiss and (b) defendants requested summary judgment only in the body of the notice of motion and only as an alternative to a 12(b)(6) dismissal." *Id.* at 551-52. The court rightly found such arguments "***frivolous***." *Id.* at 552 (emphasis added). As the court explained,

> plaintiff here was on notice that it had to put forward evidentiary material sufficient to raise a triable issue of fact

---

[2] To be sure, as discussed below, Mr. Burns' motion for summary judgment in the alternative was a motion for summary judgment regardless of its merits.

[3] Plaintiff here filed her Notice of Voluntary Dismissal on July 29, 2019, (Doc. 18), a mere seven days before her opposition to the MTD was due. (Doc. 12 at 2:26; PageID # 101).

> or risk dismissal on the merits. Here, . . . *there was no question as to whether the district court would exercise its discretion to convert a Rule 12(b)(6) motion to one for summary judgment. It was obliged to deal with the request for summary judgment* in the event that it concluded that the complaint stated a cause of action.

*Id.* (emphasis added).

Furthermore, "[t]he fact that the motion might have been denied . . . did not make it any less of a motion for summary judgment." *Id.*[4] The court in *Premier Fabrics* accordingly held that the "filing of defendants' motion [to dismiss and in the alternative for summary judgment] terminated plaintiff's right to dismiss by notice. *The notice of voluntary dismissal in this case was not effective.*" *Id.* at 553 (emphasis added).

Moreover, as the motion requested summary judgment, no conversion was required despite the request having been made only in the alternative. Indeed, the Sixth Circuit, and also consistent with the Ninth Circuit in *Morrow*, has held precisely thus in a published opinion:

> [U]nder Fed. R. Civ. P. 12(b), before the district court may treat a motion to dismiss as a summary judgment motion, it must give "all parties . . . reasonable opportunity to present all material made pertinent to" the issue. . . . [I]t is "serious error" for a district court to convert the motion *sua sponte* to a summary judgment motion without notice to parties and without further discovery. *Helwig v. Vencor, Inc.*, 251 F.3d 540, 552 (6th Cir. 2001) (en banc).
>
> Here, the district court did not act *sua sponte* in converting the motion to dismiss to a summary judgment motion. Contractor-Defendants moved for summary judgment in the alternative. . . . [Plaintiffs] had notice that the district court might treat the motion as one for summary judgment because **such a motion was actually filed**.

---

[4] Thus, Plaintiff's arguments as to the merits of Mr. Burns' Motion for Summary Judgment are irrelevant for purposes of determining whether to vacate Plaintiff's notice of voluntary dismissal.

-6-

**DEFENDANT COLIN BURNS' REPLY TO PLAINTIFF'S OPPOSITION TO HIS
MOTION TO VACATE VOLUNTARY DISMISSAL; MEMORANDUM OF POINTS AND AUTHORITIES**

*See Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (emphasis added).

Thus, the Ninth Circuit's holding in *Swedberg v. Marotzke*, 339 F.3d 1139 (9th Cir. 2003) is inapposite as it nowhere involved the critical fact present here, namely, that Mr. Burns' MTD was *also* a Motion for Summary Judgment at the very time it was filed. *Morrow*, 1994 U.S. App. LEXIS 5529, *1-2; *Ball*, 385 F.3d at 719.  In contrast, in *Swedberg,* the Ninth Circuit examined as a matter of first impression the "intersection of Rules 12(b)(6) and 41(a)(1)." *Id.* at 1142.  As to the Rule 12(b)(6) motion to dismiss, there was no indication whatsoever that it was brought also as a motion for summary judgment in the alternative.  Likewise, neither the Fourth Circuit nor the Sixth Circuit decisions the Ninth Circuit cited in support involved a request for summary judgment relief in the alternative. *See id.* at 1143 (citing *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993 (4th Cir. 1997); *Aamot v. Kassel*, 1 F.3d 441 (6th Cir. 1993)).

The fact that Mr. Burns brought his MTD also as a Motion for Summary Judgment is thus the ***decisive factor***, for it placed Plaintiff on notice "that [she] had to put forward evidentiary material sufficient to raise a triable issue of fact or risk dismissal on the merits" and therefore that this Court "was *obliged to deal with the request for summary judgment* in the event that it concluded that the complaint stated a cause of action." *Premier Fabrics*, 42 F. Supp. 3d at 552 (emphasis added).[5]  Thus, in stark contrast to *Swedberg*, Mr. Burns' motion for summary judgment—even in the alternative—makes "this is an entirely different case." *Id.*; *id.* at 552 n.3 (distinguishing *Finley Lines*, 109 F.3d at 995-97).  It is entirely different from *Swedberg* because Mr. Burns' motion was, in fact and law, a motion for summary judgment. *Morrow*, 1994 U.S. App. LEXIS 5529, *1-2; *Ball*, 385 F.3d

---

[5] Of course, Plaintiff here cannot be heard to complain that her complaint did not state any cause of action.  Thus, Mr. Burns' filing placed her on notice beyond any dispute that his MTD also was a Motion for Summary Judgement that this Court was obliged to treat as such.

at 719; *Premier Fabrics*, 42 F. Supp. 3d at 552-53.

Respectfully, *Hinrichsen v. Quality Loan Serv. Corp.*, 2017 U.S. Dist. LEXIS 216038 (S.D. Cal.) is not persuasive, not binding, and of course, inconsistent with *Morrow* as it wholly ignores the fact of notice.[6] In *Hinrichsen*, the district court extended *Swedberg* to a situation similar to the one *sub judice*, i.e., where a party filed a motion to dismiss and in the alternative for summary judgment. *Id.* at *4. While recognizing that "unlike in *Swedberg*, the Lucores filed a motion to dismiss *or* for summary judgment," *id.* at *5 (emphasis in original), the district court nevertheless held, without any analysis, that "this Court never treated the Lucores' motion as a motion for summary judgment [and so u]nder these circumstances, Counterclaimants were free to dismiss."

Mr. Burns submits that the well-reasoned opinions in *Premier Fabric* and *Ball* are far more persuasive than the mere *ipse dixit* stated in *Hinrichsen*, which otherwise is inconsistent with the Ninth Circuit's *Morrow* decision and wholly ignores the fact that Plaintiff was placed on notice. That Mr. Burns filed his MTD as a Motion for Summary Judgment in the alternative mattered, and as such, did not even require this Court to convert the same. As a result, Plaintiff filed her Notice of Voluntary Dismissal too late and this Could should therefore vacate it.

///

///

///

---

[6] This finding that a motion to dismiss and in the alternative for summary judgment necessarily provides the non-moving party sufficient notice that summary judgment is being sought is consistent with the holdings of other courts across the country including within this Circuit. *See Morrow v. City of Glendale*, 1994 U.S. App. LEXIS 5529, *1-2 (9th Cir. 1994); *Tri-Gen Inc. v. Int'l Union of Operating Eng'rs, Local 150*, 433 F.3d 1024, 1029 (7th Cir. 2006) ("[a]dequate notice is provided when the moving party frames its motion in the alternative as one for summary judgment"); *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (holding that a motion for summary judgment in the alternative just *is* a motion for summary judgment and no conversion is required); *Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (finding adequate notice "[b]ased upon the caption alone"); *Hilfirty v. Shipman*, 91 F.3d 573, 579 (3d Cir. 1996) (deciding that a Rule 56 motion for summary judgment presented in the alternative provided sufficient notice to the nonmoving party that the court may convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment).

-8-

**DEFENDANT COLIN BURNS' REPLY TO PLAINTIFF'S OPPOSITION TO HIS MOTION TO VACATE VOLUNTARY DISMISSAL; MEMORANDUM OF POINTS AND AUTHORITIES**

### III. EVEN IF CONVERSION WAS REQUIRED, THIS COURT SHOULD CONVERT THE MOTION TO DISMISS TO ONE FOR SUMMARY JUDGMENT *NUNC PRO TUNC*

Plaintiff disingenuously argues that Mr. Burns is requesting this Court to "re-write the history of this case." Opp. at 13:18 (Doc. 13; PageID # 301). But as the undisputed record shows, Mr. Burns' MTD also was filed as a Motion for Summary Judgment. Plaintiff thus was clearly placed on notice that "there was *no question as to whether the district court would exercise its discretion to convert* a Rule 12(b)(6) motion to one for summary judgment. [The Court] was *obliged* to deal with the request for summary judgment in the event that it concluded that the complaint stated a cause of action." *Premier Fabrics*, 42 F. Supp. 3d at 552 (emphasis added).[7] That unequivocally is the history of this case. There is nothing to re-write. "[Plaintiff] had notice that the district court might treat the motion as one for summary judgment because **such a motion was actually filed.**" *Ball*, 385 F.3d at 719.

Assuming this Court finds that the MTD was not in fact a Motion for Summary Judgment at the time it was filed, Mr. Burns simply asks this Court to do what it ***inevitably*** would have been required to do no matter what, namely, convert his motion into one for summary judgment—something Plaintiff had formal notice of. *See Brown Bag Software v. Symantec Corp.*, 1994 U.S. App. LEXIS 16402, *2 (9th Cir. 1994) (affirming grant of summary judgment *nunc pro tunc* to clarify record); *Morrow*, 1994 U.S. App. LEXIS 5529, *1-2 (holding that a motion to dismiss or in the alternative for summary judgment "gives formal notice . . . that the district court may look beyond the pleadings."). To be sure, neither *Hinrichsen* nor *Swedberg* are applicable to this issue as neither involved, let alone discussed, a request for *nunc pro tunc* clarification.

---

[7] The overwhelming weight of authority consistently indicates that a filing of a motion to dismiss seeking summary judgment in the alternative nonetheless provides adequate notice that a party is in fact seeking summary judgment relief. *See supra* note 6.

Exercising its authority to convert Mr. Burns' MTD into one for Summary Judgment *nunc pro tunc* merely clarifies the record—it does not change it, as would be the case had Mr. Burns not sought summary judgment in the alternative.

## CONCLUSION

As Mr. Burns in fact filed a motion for summary judgment, he prays that this honorable Court vacate Plaintiff's notice of voluntary dismissal. Should the Court nevertheless believe it is required, Mr. Burns also prays that this Court enter an order *nunc pro tunc* July 8, 2019 converting the MTD into a motion for summary judgment. Finally, Mr. Burns prays that this Court dismiss Plaintiff's Complaint *with prejudice* pursuant to Fed. R. Civ. Proc. 41(b).

Date: September 16, 2019                    Respectfully submitted,

/s/Thomas Chapin
THOMAS CHAPIN, ESQ.
Attorney for Defendant
COLIN BURNS

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019, the foregoing DEFENDANT COLIN BURNS' REPLY TO PLAINTIFF'S OPPOSITION TO HIS MOTION TO VACATE VOLUNTARY DISMISSAL and MEMORANDUM OF POINTS AND AUTHORITIES in support was filed electronically and a copy was served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. I declare under penalty of perjury that the foregoing is true and correct.

/s/_____
THOMAS R. CHAPIN, ESQ.